Joseph **SANSEVERINO**

v.

**ALCOA STEAMSHIP CO.,** Inc., a body corporate.

**Adm. No. 5031.**

United States District Court
D. Maryland.

Dec. 7, 1967.

Jerome B. Monfred, Baltimore, Maryland, for libelant.

Herbert F. Murray, Baltimore, Maryland, for respondent.

THOMSEN, Chief Judge.

In this suit filed in admiralty on June 1, 1966, based on an alleged injury to a longshoreman within the admiralty and maritime jurisdiction, proctor for libelant made an oral motion at the pretrial conference to amend the libel by adding libelant's wife as a party and asserting on her behalf a claim for loss of consortium.

In Igneri v. Cie. de Transports Oceaniques, 323 F.2d 257 (2 Cir., 1963), the Court held that the maritime law gives the wife of a longshoreman no action for loss of consortium due to injuries to her husband resulting from negligence or unseaworthiness. Judge Friendly's opinion covered the subject so thoroughly that it would be a work of supererogation for this Court to do more than bring the discussion up to date.

Indeed, most of that task was performed by Judge Oppenheimer in Deems v. Western Maryland Ry., 247 Md. 95, 231 A.2d 514 (1967), a case governed by Maryland law, not the Federal Employers' Liability Act. In that case the Court held that since the Maryland law gave a husband the right to sue for loss of consortium after an injury to his wife, the Equal Protection Clause of the Fourteenth Amendment required a reconsideration of the earlier Maryland decisions denying a similar right to a wife. The Court adopted a new rule of law, stating that the loss of consortium should thereafter be considered an injury to the marital entity; that neither a husband nor a wife may sue separately for loss of consortium resulting from an injury to the wife or the husband; but in each case they should sue jointly for damages recoverable by the marital entity. The Court held that the new rule would apply to all future and pending actions, except for claims by husbands or wives barred by settlement, judgment, the Statute of Limitations, or otherwise, prior to the date of the opinion, June 7, 1967. The Court also stated, "We do not decide the effect which any federal statute, such as the Federal Employers' Liability Act, may have in foreclosing any claim for

consortium under the Maryland law in cases where such a statute is applicable". 247 Md. at 115, 231 A.2d at 525.[1]

The Fourteenth Amendment, of course, does not apply to the federal government. While the Fifth Amendment contains no equal protection clause and provides no guaranty against discriminatory legislation by Congress, Detroit Bank v. United States, 317 U.S. 329, 337, 63 S.Ct. 297, 87 L.Ed. 304 (1943), it does forbid discrimination which is "so unjustifiable as to be violative of due process". Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954); Schneider v. Rusk, 377 U.S. 163, 168, 84 S.Ct. 1187, 12 L.Ed.2d 218 (1964).

There is no such discrimination here. As Judge Friendly pointed out in Igneri, decisions applying the maritime law have not allowed a husband to sue for loss of consortium in the case of an injury to his wife. The only exception is a Third Circuit opinion, based upon two authorities, "neither entirely relevant", one more "dubious" than the other. See 323 F.2d at 265. Judge Friendly also noted that if Igneri had been a seaman, it would be altogether clear that his spouse's claim based on negligent injury to him would fail, because of the language of the Jones Act. 323 F.2d at 266. Judge Friendly continued:

"It is true that, as a longshoreman, Peter Igneri, unlike a seaman, had a right to recover for personal injury for negligence of the vessel, based on non-statutory maritime law. * * * But that does not mean that in considering the novel question whether the spouse of a longshoreman should be allowed to recover for loss of consortium, we should ignore the maritime law denying any such right to the spouse of a seaman. The failure of the Jones Act to confer such a right on the spouse of a seaman cannot be dismissed as an inadvertence. The policy of the Federal Employers' Liability Act, the regime which the Jones Act made applicable to seamen, was that the new remedy for the employee was to be exclusive and that claims of relatives recognized by state law were to be abrogated; the FELA had been thus authoritatively construed before the Jones Act was passed." (citations omitted) 323 F.2d at 266.

Judge Friendly added:

"* * * We can think of no reason why Congress, having ruled out a maritime claim against the ship for loss of consortium by the spouse of a negligently injured seaman, would wish the courts to construct one for the spouse of a negligently injured stevedore." 323 F.2d at 267.

This Court concludes that it should follow the decision of the Second Circuit in Igneri.[2]

The motion to amend is hereby denied.

1. The Fourth Circuit case, Carey v. Foster, 345 F.2d 772 (1965), cited by the Maryland Court dealt not with Federal law but with Virginia law and, particularly, a Virginia statute. A review of the authorities indicates that there has been no change in the Federal law since the Igneri opinion.

2. Even if this Court, despite the considerations set out above, should adopt and follow the novel decision of the Maryland Court in Deems, the ruling therein with respect to the Statute of Limitations would by analogy require that the proposed amendment herein be denied on the ground of laches, since the accident herein occurred more than three years before the motion to amend. The same result would follow if the Court should hold that the wife alone had a right to sue for loss of consortium.