Antoinette SANTONI, personal representative of the Estate of Mario Santoni, Deceased, and surviving spouse of Mario Santoni, Deceased

v.

UNITED STATES of America et al.

Irene GOZDZIEWSKI and John Gozdziewski

v.

UNITED STATES of America et al.

Civ. A. Nos. M–77–896, M–77–1643.

United States District Court,
D. Maryland.

May 9, 1978.

Max R. Israelson and Stuart M. Salsbury, Baltimore, Md., for plaintiffs.

M. King Hill, Jr., Baltimore, Md., for defendant, Mallinckrodt Chemical Works.

Wilbur D. Preston, Jr. and B. Ford Davis, Baltimore, Md., for defendants, Herman E. Schaerf, M. D., Alan S. Moodie, M. D., Robert E. Farber, M. D. and Meyer W. Jacobson, M. D.

Russell T. Baker, Jr., U. S. Atty., and Daniel M. Clements and Daniel J. Hurson, Asst. U. S. Attys., Baltimore, Md., for defendant, United States.

MEMORANDUM

JAMES R. MILLER, Jr., District Judge.

The plaintiffs in these two cases have sued the United States (USA) under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.;* 28 U.S.C. § 1346(b), and have joined as defendants four doctors as to whom, and a drug company as to which, there is no independent federal jurisdiction. In both cases the four doctors have filed cross-claims against the USA.

I

*Motion of U. S. to Dismiss John Gozdziewski*

In Civil Action No. M–77–1643, the USA has moved to dismiss the plaintiff John Gozdziewski because he did not file an administrative claim within the two-year statute of limitations as required by 28 U.S.C. § 2675. Count II of the complaint in Civil Action M–77–1643 seeks damages against the USA for loss of consortium on behalf of both John and Irene Gozdziewski. The administrative claim filed by Irene Gozdziewski listed only herself as claimant (John Gozdziewski was listed as her spouse) and was signed only by Irene Gozdziewski. In the space provided under "Personal Injury" in which to "State nature and extent of injury which forms the basis of this claim" Mrs. Gozdziewski listed only "Hepatitis (acute)" and "Pain and suffering".

Pursuant to 28 U.S.C. § 1346(b), the USA is liable for personal injuries only to the extent that a private person would be liable to the claimant in accordance with the law of the place where the negligent act occurred. Plaintiffs argue that since under Maryland law the action for interference with the marital relationship is a joint one, *Deems v. Western Maryland Railroad,* 247 Md. 95, 231 A.2d 514 (1967), "the filing of one claim with the husband's name included is sufficient to preserve this count."

This court has previously rejected the argument that husbands' administrative claims for loss of consortium are embodied

in their wives' claims as being contrary to the holding in *Deems* which requires that both spouses be joined as party plaintiffs. *Tucker v. United States of America,* Civil .Action No. 72–1042–M and *Nelson v. United States of America,* Civil Action No. 72–1030–M (D.Md. March 22, 1973) (a copy of the opinion in these consolidated cases is filed in the official court file herein). In the *Tucker* and *Nelson* cases, *supra,* it was further concluded that, since under Maryland law the plaintiff wives could not sue for loss of consortium without joining their husbands, the Federal Tort Claims Act claims for loss of consortium would be dismissed.

The only reported decision concerning a FTCA Claim for loss of consortium where the spouse failed to file an administrative claim is *Heaton v. United States,* 383 F.Supp. 589 (S.D.N.Y.1974). In that case, Judge Knapp rejected the wife's claim that her husband's executed Notice of Claim was sufficient to put the government on notice of her claim. The court found that simply because the wife's name appeared on the administrative claim as spouse could not have put the government on notice that she was claiming loss of consortium, where only the injuries of the husband were listed on the form and only the husband signed the form as claimant. The court found that under the relevant state law—that of New York—a wife's claim for loss of consortium was an independent action, separate from the personal injury claim of the husband, and, as such, it should have been clearly delineated.

 Since Maryland law requires that a claim for loss of consortium be instituted as a joint action by both husband and wife, the Federal Tort Claims Act suit of Irene and John Gozdziewski for loss of consortium should be dismissed, the court having concluded that John Gozdziewski did not file an administrative claim as required by 28 U.S.C. § 2675(a).

## II

### Pendent Jurisdiction

The plaintiffs in both cases contend that this court may exercise "pendent party"

jurisdiction over the doctors and drug company. Plaintiffs rely primarily on the following *dictum* in the recent Supreme Court decision in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976):

> "There are, of course, many variations in the language which Congress has employed to confer jurisdiction upon the federal courts, and we decide here only the issue of so-called "pendent party" jurisdiction with respect to a claim brought under §§ 1343(3) and 1983. Other statutory grants and other alignments of parties and claims might call for a different result. When the grant of jurisdiction to a federal court is exclusive, for example, as in the prosecution of tort claims against the United States under 28 U.S.C. § 1346, the argument of judicial economy and convenience can be coupled with the additional argument that only in a federal court may all of the claims be tried together . . ."

*Id.* at 18, 96 S.Ct. at 2422.

In a footnote to the above passage, the Court cited *Hipp v. United States,* 313 F.Supp. 1152 (E.D.N.Y.1970) with apparent approval.

In that case plaintiffs sued the United States under the Federal Tort Claims Act for damages resulting from a collision between a Navy ambulance (in which plaintiff wives were passengers) and an automobile. Plaintiffs also sued, as co-defendant, the driver of the automobile who was a citizen of the same state as the plaintiffs. Judge Judd of the Eastern District of New York found that the court had pendent jurisdiction over plaintiffs' action against the defendant driver. The doctrine of earlier cases holding that there must be a separate ground of federal jurisdiction over a private party named as co-defendant in a federal tort claims suit was rejected in light of the more recent Supreme Court decisions in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and *Rosado v. Wyman,* 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970). It was held·

that the joinder of a joint tort-feasor with the United States in a federal tort claims case made it one "peculiarly appropriate for application of the principle of 'the conservation of judicial energy and the avoidance of multiplicity of litigation' because the 'plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding.'" *Id.* at 1155.

The reported cases offer little guidance on the issue of whether this court should exercise pendent jurisdiction over the claims of John Gozdziewski.[1] Since the federal tort claim of John Gozdziewski must be dismissed, *see* discussion *supra,* there is no independent ground of federal jurisdiction over any claim asserted by him. This is a situation in which the court is asked to exercise jurisdiction over the claims of a pendent party plaintiff against pendent party defendants.

There are decisions, decided prior to the Supreme Court's decision in *Aldinger,* which have approved the doctrine of "pendent plaintiff" jurisdiction in situations where the "pendent" claim has failed to meet the $10,000 statutory requirement.

In *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809 (8th Cir. 1969), then Circuit Judge Blackmun wrote for the court that the doctrine of pendent jurisdiction was supportive of the exercise of jurisdiction over a wife's claim for loss of consortium (which failed to meet the $10,000 statutory requirement) as pendent to her husband's negligence claim against the same defendants.

The Third Circuit also adopted the concept of pendent jurisdiction in a two-plaintiff situation in the case of *Wilson v. American Chain & Cable Company,* 364 F.2d 558 (3rd Cir. 1966). In that case Judge Freedman, for the court, held that a father's claim for damages suffered as a result of injuries to his son was pendent to the son's claim where, under Pennsylvania law, the two rights of action were required to be redressed in only one suit, brought in the names of the parent and child. *See also Morris v. Gimbel Bros., Inc.,* 246 F.Supp.

984 (E.D.Pa.1965) (husband's action for loss of consortium joined with his wife's claim for personal injuries where Pennsylvania rules compelled the claims to be tried in same action). *Contra, Hymer v. Chai,* 407 F.2d 136 (9th Cir. 1969) (joinder of diversity claim for personal injuries and loss of consortium claim by spouse denied). *But cf. Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) (holding no jurisdiction over claims of class members falling short of jurisdictional amount although named plaintiffs' claims exceeded $10,000—no mention of pendent party jurisdiction).

In *Aldinger v. Howard, supra,* the Supreme Court dealt with the issue of a "pendent party defendant". The Court observed that there is a more serious obstacle to the exercise of pendent jurisdiction if a party not otherwise subject to federal jurisdiction is sought to be impleaded than if parties already before the court are required to litigate a state—law claim. The Court laid down a two-part test for determining whether such "pendent party" jurisdiction exists, the test being that a federal court must satisfy itself not only that Article III permits the exercise of such jurisdiction, but also that Congress in the statutes conferring jurisdiction has not expressly or by implication negated its exercise. *Id.* at 18, 96 S.Ct. 2413.

As previously noted, the *Aldinger* decision expressly recognized that pendent party jurisdiction might be appropriate in a suit involving a federal tort claim and cited *Hipp v. United States,* 313 F.Supp. 1152 (E.D.N.Y.1970) with approval. However, the *Hipp* case involved solely a claim against a pendent party defendant by plaintiffs who had independent grounds for federal jurisdiction over their federal tort claims against the U.S.A. No case has been found involving *both* a pendent party plaintiff and a pendent party defendant, the situation presented in the present case.

---

1. John Gozdziewski's claims against the doctors and drug company include both joint

claims for loss of consortium and independent claims for medical expenses, etc.

In analyzing the possible presence of "pendent party" jurisdiction in this case, two additional factors over those expressly referred to in *Aldinger* seem relevant. First, each of the four doctors has filed a cross-claim in Civil Action No. M–77–1643 against the United States under the Federal Tort Claims Act for "all or part of any judgment entered against him in favor of the plaintiff in this action" and claiming damages in the sum of $225,000. The sum of $225,000 is stated to be the amount of damages claimed against the doctor by Irene and John Gozdziewski.[2]

Second, defendants' answers indicate that plaintiffs Irene and John Gozdziewski filed suit(s) against the four doctors and Mallinckrodt Chemical Works in the Superior Court of Baltimore City on June 2, 1975.[3]

The *dictum* in *Aldinger* concerning pendent party jurisdiction in federal tort claim cases supports this court's exercise of pendent jurisdiction over the claims of plaintiff Santoni and plaintiff Irene Gozdziewski against the four doctors and the chemical company. The claims of John Gozdziewski present a more difficult question, but one factor weighs heavily in favor of the exercise of pendent jurisdiction. The joint claims of John and Irene Gozdziewski for loss of consortium can, under Maryland law, only be brought if both spouses are joined as plaintiffs and in the same action as the underlying personal injury claim is being asserted. *Deems, supra,* 247 Md. at 109–110, 115, 231 A.2d 514. Here the suit for the underlying personal injury can, as a practical matter, only be brought in the federal court, because only there can the U.S.A., one of the alleged tort feasors, be sued under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). That Congress intended tort claims against other defendants to be joined with tort claims against the U.S.A. growing out of the same accident may be inferred from the fact that the Act specifically provides for a *cross-claim* to be filed against the U.S.A. in such a case irrespec-

tive of the requirement of a prior administrative claim. 28 U.S.C. § 2675(a). *See also United States v. Yellow Cab Co.,* 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951). Obviously, a cross-claim could be filed against the U.S.A. only if other alleged tort feasors have been joined in a suit with the U.S.A.

While the joint pendent plaintiff claim of Mr. and Mrs. Gozdziewski for loss of consortium is one which this court concludes may be brought under the *Aldinger* test in this federal court, the claim of Mr. Gozdziewski for expenses in Counts 7, 9, 11 and 13 of the complaint presents an even more difficult problem. If he actually paid the medical expenses or is solely liable for them, he apparently has the sole right to recover for them to the exclusion of his wife under Maryland law. *Jones v. Jones,* 259 Md. 336, 340–341, 270 A.2d 126 (1970); *Sezzin v. Stark,* 187 Md. 241, 256, 49 A.2d 742 (1946). The cause of action is not necessarily a joint one then, contrary to the situation with respect to a cause of action for loss of consortium. Still, it is a cause of action which likely would be required by the Maryland courts to be brought at the same time as the suit for the underlying personal injury in order that, as expressed in *Deems, supra,* 247 Md., at 109 and 114, 231 A.2d 514, the possibility of dual recovery for the same injury be eliminated. Since the federal court is the only place in which this suit can be brought in view of the presence of the U.S.A. as an alleged tort feasor, the claim of Mr. Gozdziewski for medical expenses can only be brought in this forum. Neither Congressional enactments nor Article III itself expressly or implicitly preclude federal court jurisdiction over a claim so closely tied to the underlying factual circumstances surrounding all of the claims of the parties. Judicial economy and convenience will be served best by allowing the claim to be tried in this court, and only in this court "may all of the claims be tried together." *Aldinger v. Howard, supra,* 427 U.S., at 18, 96 S.Ct., at 2422.

---

**2.** Similar cross-claims have been filed in the *Santoni* case.

**3.** Likewise plaintiff Santoni filed suit against these defendants in the Superior Court for Baltimore City on April 29, 1975.

For all these reasons, the court concludes that it has pendent party jurisdiction over all claims.[4] An order will be entered in accord with this memorandum.

---

4. *But see* Note, 87 Yale L.J. 627 (1978) in which the author argues for a stricter "law-tied" approach rather than the "fact-tied" approach to questions of pendent jurisdiction.