OPINION OF THE COURT
Harold Tompkins, J.
Defendant moves to dismiss upon the grounds that plaintiff’s cause of action for loss of consortium is barred by a prior settlement of his wife’s personal injury action.
Mona Haspil slipped and fell on defendants’ icy sidewalk on December 1, 1976. Harold and Mona Haspil commenced litigation against defendants in 1977. The Haspils were married in June 1965 and have two children. In May 1982 Mona Haspil received a structured settlement of $2,296,258 for her personal injury action at a pretrial conference. The settlement was placed on the record, and plaintiff’s action for loss of consortium was severed and marked .off the Trial Calendar without prejudice. The action was subsequently restored to the calendar (Ostrau, J., order dated June 16, 1983). At the time of the settlement, plaintiff was not living with his wife due to their separation in February 1981. They began to live together again two months after the settlement in July 1982.
Before the court is the novel legal question as to whether the husband’s action for loss of services and consortium still persisted and was viable after severance from the settled wife’s action.
In Millington v Southeastern Elevator Co. (22 NY2d 498 [1968]), the Court of Appeals overruled its previous decisions which had permitted only a husband to maintain a cause of *969 action for loss of consortium.[1] The spousal concept of consortium was held to include “not only loss of support or services [but] it also embraces such elements [of] love, companionship, affection, society, sexual relations, solace and more.” (Millington v Southeastern Elevator Co., supra, at p 502.)
Thus, the court concluded, “the ‘consortium’ interest to be protected * * * rest[s] on * * * the real injury done to the marital relationship” (supra, p 504), giving rise to the mutuality of rights and duties in representing the “interest of the injured party’s spouse in the continuance of a healthy and happy marital life” (supra, at pp 504-505).[2]
However, Justice Keating, writing for the court, then made the following commentary: “Where, however, the husband’s cause of action has been terminated either by judgment, settlement or otherwise, that should operate to bar the wife’s cause of action for consortium. This is a practical and fair solution of the problem and one which has recommended itself to other States (Ekalo v. Constructive Serv. Corp. of America, 46 N. J. 82 * * * Deems v. Western Md. Ry. Co., 247 Md. 95 * * *)” (supra, at p 508; emphasis added).
The court, in adopting a “fair solution of the problem” of retroactivity in permitting a wife to maintain an action for loss of consortium in other States, cited Ekalo v Constructive Serv. Corp. (46 NJ 82, 215 A2d 1, supra) and Deems v Western Md. Ry Co. (247 Md 95, 231 A2d 514, supra) which held that it would be “unfair [to the rights of defendants] to permit the assertion, for the first time, of a consortium claim by the wife” where the claim by the husband was “barred by settlement, judgment or otherwise.” (Ekalo v Constructive Serv. Corp., 46 NJ, at p 95,215 A2d, at p 8.) Pending actions by husbands for physical injuries by alleged tort-feasors would be joined with actions by the wife for loss of consortium, if not time barred, as well as all future *970 actions. (Supra; Deems v Western Md. Ry. Co., 247 Md, at p 109, 231 A2d, at pp 525-526, supra.)[3]
The passage cited indicates that the court only meant to bar the commencement of a spouse’s cause of action for loss of consortium after the termination of the injured spouse’s cause of action, which is not the case here.
In the instant case the settlement of the wife’s cause of action some two years prior to the trial of Harold’s action is not a bar to this action. Further, implicit in the Millington decision (supra) is support for the proposition that a separate cause of action for loss of consortium vests in each spouse since the interest sought to be protected is personal.[4]
Is a cause of action for loss of consortium derivative or a separate and distinct cause of action?[5] The Court of Appeals has stated that this cause of action by a spouse does not exist “in the *971 common law independent of the injured spouse’s right to maintain an action for injuries sustained.” (Liff v Schildkrout, 49 NY2d 622, 633.) However, a cause of action for loss of consortium is derivative only in the sense that the loss of consortium derives from the occurrence of injury to one spouse and the very fact of the marital relationship. (Be Angelis v Lutheran Med. Center, 84 AD2d 17, 22, affd 58 NY2d 1053.) It is also derivative in the sense that if the defendant is not found to be a tort-feasor in causing the injuries to a spouse it cannot be cast in damages for loss of society and consortium to the other spouse. (Belanoff v Grayson, 98 AD2d 353; Maidman v Stagg, 82 AD2d 299.)
Consequently, it has been held in several jurisdictions[6] that “while the deprived spouse’s suit for loss of consortium is considered to be derivative of the impaired spouse’s negligence action to the extent that the tortfeasor’s liability to the impaired spouse must be established, the consortium action is, nevertheless, independent and apart from that of the impaired spouse’s negligence action.” (Whittlesey v Miller, 572 SW2d 665, 667 [Tex]; see also, Gates v Foley, 247 So 2d 40 [Fla 1971]; Thill v Modern Erecting Co., 284 Minn 508, 170 NW2d 865 [1969]; Peeples v Sargent, 77 Wis 2d 612, 253 NW2d 459 [1977]; Prosser, Torts § 125, at 893 [4th ed 1971].)
Many jurisdictions recognize that each spouse has a separate personal property interest. In Texas, for example, a recovery for personal injuries other than loss of earning capacity is the separate property of each spouse (Whittlesey v Miller, 572 SW2d 665, 669, supra; Graham v Franco, 488 SW2d 390 [Tex]; Tex Fam Code § 5.01 [a] [3]). In that jurisdiction each spouse recovers for losses peculiar to their injuries, i.e., the deprived spouse may recover for loss of consortium based upon “damages to the emotional interests involved” while the impaired spouse may recover “damages arising out of the direct physical injuries.” (Whittlesey v Miller, supra, at p 669.) This doctrine was extended to apply to situations where a deprived spouse, who did not sign a release in the settlement of the impaired spouse’s personal injury action and did not authorize the impaired spouse to settle on her behalf, cannot be precluded from pursuing a cause of action for loss of consortium despite the settlement of the impaired spouse’s action because “the deprived spouse has the sole *972 power to settle her claim of her management powers.” (Whittlesey v Miller, supra, at p 669; Tex Fam Code § 5.21.)
The Illinois Supreme Court, in Brown v Metzger (104 Ill 2d 30, 470 NE2d 302), a recent case analogous to the instant action, held that the settlement of a spouse’s personal injury action during the pendency of a divorce action was not binding on the deprived spouse who was not a party to the settlement, and did not bar the deprived spouse’s loss of consortium cause of action. In permitting the plaintiff to proceed on her loss of consortium suit, the court reaffirmed its principle that the right of the spouse to recover damages in that action did not depend on the injured spouse’s cause of action.
Accordingly, the defendant’s motion to dismiss the action of plaintiff Harold Haspil upon the grounds of the prior termination of the action of Mona Haspil is denied.

. Relying on the legislation enacted for the legal emancipation of married women, the court stated that it was correcting “an unjust discrimination under New York law” (Millington v Southeastern Elevator Co., 22 NY2d 498,509) of a property fiction wherein the wife was her husband’s property “by acknowledging the equal right of the wife to damages as a result of her loss of consortium.” (Millington v Southeastern Elevator Co., 22 NY2d 498, 505, supra.)

. Prior court decisions denying a wife the right to maintain an action for loss of consortium for fear of double recovery was “wholly unsupportable” according to the court “[s]ince * * * it is rare, if not unknown, to try a husband’s consortium action separately from his wife’s negligence action” (Millington v Southeastern Elevator Co., 22 NY2d 498, 502, supra) and “ ‘[s]impie mathematics [would] suffice to set the proper quantum [of damages]’ ” (supra, at p 501, citing Hitaffer v Argonne Co., 183 F2d 811, 819, cert denied 340 US 852).

. Both Ekalo and Deems, however, did not recognize a wife’s claim to a separate cause of action for loss of consortium but held that “when either husband or wife claims loss of consortium by reason of physical injuries sustained by the other as the result of the alleged negligence of the defendant, that claim can only be asserted in a joint action for injury to the marital relationship.” (Deems v Western Md. Ry. Co., 247 Md 95, 115, 231 A2d 514, 525; Ekalo v Constructive Serv. Corp., 46 NJ 82, 95, 215 A2d 1, 6-8.)

. Although virtually all States now allow loss of consortium actions by either spouse (see, Restatement [Second] of Torts § 693 [1977]), there is less unanimity as to whether a cause of action for loss of consortium can stand independently or is barred by a settlement of a spouse’s personal injury claim. Three jurisdictions have construed Millington (supra) as barring the deprived spouse’s action for loss of consortium only where the action by the impaired spouse was concluded by judgment or settlement prior to the effective date of a court decision recognizing a claim for loss of consortium by either spouse (see, Rodriguez v Bethelehem Steel Corp., 12 Cal 3d 382, 525 P2d 669, 686 [1974]; Diaz v Lilly & Co., 364 Mass 153, 302 NE2d 555, 564 [1973]; Swartz v United States Steel Corp., 293 Ala 439, 304 So 2d 881, 886 [1974]; see also, Huffer v Kozitza, 361 NW2d 451, 454 [Ct App, Minn 1985]). The Supreme Court of Connecticut though, has interpreted Millington as clearly barring claims for consortium “when the suit brought by the injured spouse has been terminated by settlement or by an adverse judgment on the merits” since the “consortium action is derivative of the injured spouse’s cause of action” (Hopson v St. Mary’s Hosp., 176 Conn 485, 494, 408 A2d 260, 264 [1974]).

. Several jurisdictions have adopted the joinder of actions requirement between the impaired spouse and the deprived spouse (Brown v Metzger, 104 Ill 2d 30,470 NE2d 302 [1984]; Rosander v Copco Steel & Eng. Co.,_Ind App_, 429 NE2d 990,992 [1982]; Madison v Colby, 348 NW2d 202 [Iowa 1984]; Thill v Modern Erecting Co., 284 Minn 508,514,170 NW2d 865,869-870; Nicholson v Chatham Mem. Hosp., 300 NC 295, 303-304, 266 SE2d 818, 823 [1980]; Wilson v Hasvold, 86 SD 286,194 NW2d 251, 255; Hopkins v Blanco, 224 Pa Super 116,302 A2d 855 [1973]; Ekalo v Constructive Serv. Corp., 46 NJ 82,95, 215 A2d 1, 8, supra; Deems v Western Md. Ry. Co., 247 Md 95,109, 231 A2d 514,522 [1967], supra; General Elec. Co. v Bush, 88 Nev 360 367-368,498 P2d 366, 371 [1972]).

. There are a growing number of jurisdictions, although preferring joinder, that will permit a separate and independent cause of action for loss of consortium (Brown v Metzger, supra; Whittlesey v Miller, 572 SW2d 665 [Tex 1978]; Kotsiris v Ling, 451 SW2d 411 [Ky 1970]; Shepherd v Consumers Coop. Assn., 384 SW2d 635 [Mo 1964]; Huffer v Kozitza, supra; Rosander v Copco Steel & Eng. Co., supra).