THE TRAVELERS INDEMNITY COMPANY *v.*
CORNELSEN ET AL.

[No. 276, September Term, 1973.]

*Decided June 21, 1974.*

The cause was argued before MURPHY, C. J., and SINGLEY,
SMITH, DIGGES, ELDRIDGE and O'DONNELL, JJ.

*William D. Appler*, with whom were *Joel M. Savits* and
*Carr, Bonner, O'Connell, Kaplan & Thompson* on the brief,
for appellant.

*Edward J. Gorman, Jr.*, with whom were *Austin F.
Canfield, Jr.*, and *Leonard T. Kardy* on the brief, for
appellees.

Per Curiam:

Dr. Ernest Edwin Cornelsen and his wife, Mary Wilson Cornelsen, were successful in convincing the Circuit Court for Montgomery County that a proper application of *Deems v. Western Md. Ry.*, 247 Md. 95, 231 A. 2d 514 (1967), made possible a double recovery of two $25,000.00 payments under a comprehensive automobile-general liability policy with limits of $25,000.00 for each person and $50,000.00 for each occurrence, issued by The Travelers Indemnity Company (Travelers) to Barwood Cab Co., Inc. (Barwood). For reasons to be developed, we shall reverse the order of the lower court.

In February, 1971, Dr. Cornelsen was injured when his stopped car was struck by a taxicab owned by Barwood. He instituted suit against Barwood for $250,000.00. In a second count in the same declaration, Dr. and Mrs. Cornelsen claimed damages of $50,000.00 for the loss of consortium.[1] A jury returned a verdict of $251,000.00 (reduced on remittitur to $250,000.00) in Dr. Cornelsen's favor against Barwood. On the second count, the jury's verdict was $65,000.00 (reduced on remittitur to $25,000.00) in favor of Dr. and Mrs. Cornelsen against Barwood.

In force at the time of the accident was a comprehensive automobile-general liability policy, issued by Travelers to Barwood. The policy contained the following limitation:

"The limit of *bodily injury* liability stated in the declarations as applicable to 'each person' is the limit of the company's liability for all *damages* because of *bodily injury* sustained by one person as the result of any one *occurrence*; but subject to the above provision respecting 'each person,' the total liability of the company for all *damages* because of *bodily injury* sustained by two or more persons as the result of any one *occurrence* shall not exceed the limit of *bodily injury* liability stated in the

---

1. Named as a co-defendant was the driver of the taxicab, against whom verdicts were also returned.

declarations as applicable to 'each *occurrence*.' " (Emphasis in original.)

After the entry of judgments on the verdicts, and relying on this limitation, Travelers tendered a check in the amount of $25,000.00 in full settlement of its liability under the policy. Dr. and Mrs. Cornelsen joined with Barwood in the filing of a suit for declaratory judgment against Travelers. Relying on the decision of this Court in *Deems v. Western Md. Ry.*, *supra*, the Cornelsens argued that there were two claims against Travelers, each in the policy maximum of $25,000.00: that of Dr. Cornelsen for personal injuries, and that of Dr. and Mrs. Cornelsen for loss of consortium.

We regard the Cornelsens' reliance on *Deems* as misplaced. It is entirely clear to us that the decision in that case created a new substantive right, and as a concomitant, delineated a different procedural approach in actions for loss of consortium. Nevertheless, it gave rise to no new cause of action which could be availed of in contravention of the limitation contained in Travelers' policy.

In brief, what *Deems* did was to extend to a wife, after a careful examination of our earlier cases, the right to assert a claim for loss of consortium — a right theretofore only accorded to a husband. From a procedural standpoint, it requires that such a claim, which theretofore could have been asserted only by a husband in an entirely separate action, must be asserted by both spouses and tried at the same time as the individual action brought by the injured spouse.

Turning to the holding in *Deems*:

"For these reasons, we hold that, when either husband or wife claims loss of consortium by reason of physical injuries sustained by the other as the result of the alleged negligence of the defendant, that claim can only be asserted in a joint action for injury to the marital relationship. That action is to be tried at the same time as the individual action of the physically injured spouse. . . ." 247 Md. at 115, 231 A. 2d at 525.

When these precepts are compared with the limitation contained in Travelers' policy it is only too apparent why the Cornelsens' contention must fail.

It seems to us that if this is tested against Travelers' limitation of liability to "*bodily injury* sustained by one person as the result of any one *occurrence*," or "*bodily injury* sustained by two or more persons as the result of any one *occurrence*," the answer is obvious: loss of consortium is an injury to the marital relationship, an entity, and not bodily injury sustained by a person, *see American Fidelity & Cas. Co. v. Mahon,* 170 Md. 573, 578, 185 A. 330, 332 (1936). As a consequence, Dr. Cornelsen's claim for bodily injuries was within the terms of the policy, subject to the $25,000.00 limitation. The claim for the loss of consortium was not a bodily injury sustained by a second person as a result of the same occurrence. *See* 8 D. Blashfield, Automobile Law and Practice § 345.2, at 458-59 (3d ed. 1966); 15 G. Couch, Cyclopedia of Insurance Law § 56:44, at 710 (2d ed. 1966); *see also* cases cited in Annot., 13 A.L.R.3d 1228, 1234-42 (1967). Except for the dollar limitation, it would have been recoverable under Travelers' undertaking to pay "all sums which the *insured* shall become legally obligated to pay as *damages* because of . . . bodily injury," because damages, as defined in the policy, "includes damages for death and for care and loss of services resulting from *bodily injury* . . . ." (Emphasis in original.)

*Order reversed; costs to be paid by appellees.*