# CIRCUIT COURT OF THE CITY OF NORFOLK

Raynard Pringle
and Betty G. Pringle

v.

Darryl Sloan
and John Doe

April 12, 1996

Case No. (Law) L95-2272

BY JUDGE EVERETT A. MARTIN, JR.

The plaintiffs, residents of Virginia, have filed this action against the defendants arising out of an automobile accident that occurred in Delaware. Raynard Pringle ("husband") seeks recovery for his pecuniary losses, physical injuries, pain and suffering, and other damages as may be appropriate under § 8.01-63 of the Code of Virginia (1950). All statutory references are to the Code of Virginia (1950). Betty G. Pringle ("wife") seeks recovery for her loss of her husband's consortium and such other damages as may be appropriate under § 8.01-63. Defendant Darryl Sloan has filed a grounds of defense denying liability, and the plaintiffs' uninsured motorist's insurer has filed a demurrer in which it claims: (i) the wife's loss of consortium claim is not permitted under Virginia law, (ii) § 8.01-63 is not applicable to this case, and (iii) the allegations of negligence in the motion for judgment against the two defendants are inconsistent.

At common law, a husband had a cause of action against a tortfeasor who caused injury to his wife for his loss of the wife's consortium, but the wife had no reciprocal action. 1 Blackstone, *Commentaries on the Laws of England*, 442-3; 3 *op. cit.* 140, 142-3; Va. Code § 1-10. By a 1932 amendment to § 55-36, the husband's right of action for injury to his wife

and his loss of her services and consortium was abrogated. *See, Carey v. Foster*, 221 F. Supp. 185 (E.D. Va. 1963), *aff'd* 345 F.2d 772 (4th Cir. 1965). In Delaware, however, either spouse has a cause of action for loss of consortium resulting from physical injury sustained by the other spouse because of the negligence of a third person. *Jones v. Elliott*, 551 A.2d 62 (Del. 1988).

In resolving conflicts of laws in tort actions in Virginia, the *lex loci delicti* governs all matters going to the right of action itself while the *lex fori* controls what is connected merely with the remedy. *Jones v. R. S. Jones and Associates*, 246 Va. 3, 431 S.E.2d 33 (1993); *Maryland v. Coard*, 175 Va. 571, 9 S.E.2d 454 (1940); *Flowers v. Virginian Ry.*, 135 Va. 367, 116 S.E. 672 (1923). The Supreme Court of Delaware stated in *Jones, supra*, that each spouse has a *cause of action* for loss of consortium for injuries a third party negligently inflicts on the other spouse. It is a separate cause of action; it is not a remedy within the cause of action of the injured spouse.

The demurrer further asserts the wife has no claim under Delaware law because, on a loss of consortium claim, the place of marital domicile is the *lex loci delicti*. This argument was rejected in *Miller v. Holiday Inns, Inc.*, 436 F. Supp. 460 (E.D. Va. 1977), and by most other courts that have considered it. *See* "Loss of Consortium - Conflicts of Laws," 46 A.L.R. 3rd 880 (1972). Most courts have held the wife's action for loss of consortium is derivative of the husband's right of action for personal injuries, and therefore, the *lex loci delicti* for purposes of the wife's cause of action for loss of consortium is the same as that for the husband's claim.

A common law cause of action declared by the courts of a sister state may be enforced in Virginia so long as it is not contrary to the policy or prejudicial to the interests of Virginia. *Nelson v. Chesapeake & Ohio RR.*, 88 Va. 971, 14 S.E. 838 (1892). Virginia and Delaware chose different courses in removing the inequality between spouses in asserting causes of action for loss of consortium. Virginia chose to abolish the husband's common law cause of action while Delaware chose to create a common law cause of action in the wife. Both policies were designed to produce equality between the spouses in this regard; the methods were different. I therefore conclude a wife may bring a cause of action in Virginia for loss of consortium if such a cause of action is recognized by the *lex loci delicti*. The demurrer is overruled on this ground.

The demurrer's next ground is the inapplicability of § 8.01-63. A brief history of the statute is helpful. The predecessor of this statute was enacted in 1938 after the decision in *Boggs v. Plybon*, 157 Va. 30, 160 S.E.2d 77

518

(1931), changed Virginia law on the duty of care a driver owed a guest. The statute apparently codified the holding in *Boggs*. *See Davis v. Williams*, 194 Va. 541, 74 S.E.2d 58 (1953); Michie's Jurisprudence, *Automobiles*, § 42, n. 5. By 1974 Acts of Assembly, c. 551, the degree of negligence necessary for a guest's cause of action against the driver was reduced from gross to ordinary. The demurrer will be sustained on this ground for three reasons. First, the statute establishes a legal duty of care; it does not establish a new element of damages in an automobile personal injury case. Second, the wife was not a passenger in the automobile at the time of the accident. Finally, the degree of negligence necessary to support a recovery by a guest against the driver is to be determined by the *lex loci delicti*. *Sutton v. Bland*, 166 Va. 132, 184 S.E. 231 (1936).

The final ground of the demurrer is the inconsistency of several of the allegations in the motion for judgment. Rule 1:4(k) provides in the last sentence that "A party may also state as many separate claims . . . as he has regardless of consistency . . . ." The demurrer will be overruled on this ground.