Dorothy IANNELLO, and Joseph Iannello, Plaintiffs,

v.

BUSCH ENTERTAINMENT CORPORATION, John Doe 1–5, Mary Doe 1–5, Doe Corporation 1–5, Defendants.

No. 4:03 CV 138.

United States District Court, E.D. Virginia, Newport News Division.

Jan. 27, 2004.

---

Christian L. Connell, Esquire, Norfolk, VA, for Plaintiffs.

David C. Bowen, Esquire, Daniel T. Campbell, Esquire, Willcox & Savage, P.C., Norfolk, VA, for Defendants.

### OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on the motion of defendant Busch Entertainment Corporation ("Busch Entertainment") to dismiss Count Two of the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion to dismiss is **GRANTED**.

### I. Factual and Procedural History

On May 29, 2003, plaintiffs Joseph and Dorothy Iannello, husband and wife, filed the instant two-count complaint with the United States District Court for the District of New Jersey. Count One is a claim for personal injuries suffered by Dorothy Iannello at the Water Country USA amusement park located in York County, Virginia, and owned and operated by defendant Busch Entertainment. Count Two is a claim for loss of care and consortium suffered by Joseph Iannello as a result of his wife's injuries.

On August 4, 2003, defendant Busch Entertainment filed a motion to dismiss for

lack of personal jurisdictional, pursuant to Federal Rule of Civil Procedure 12(b)(2), or, in the alternative, to transfer venue to the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404(a). On September 12, 2003, plaintiffs filed an affidavit with attached computer print-outs that reflected a Busch Entertainment website, available to residents of New Jersey, which allows consumers to make reservations for the Water Country USA amusement park on the Internet. On October 14, 2003, the District Court for the District of New Jersey ruled on defendant's motions, granting the motion to transfer pursuant to 28 U.S.C. § 1404(a),[1] and denying as moot the motion to dismiss for lack of personal jurisdiction. The New Jersey District Court expressly declined to make a determination of whether personal jurisdiction and venue were proper in that district. (Mem. & Order at 6.)

The original file and a certified copy of the transfer order were received by this court on October 16, 2003. On November 14, 2003, defendant filed this motion to dismiss Count Two for failure to state a claim. Plaintiffs have declined to file a response. Accordingly, defendant's motion is now ripe for review.

## II. Analysis

A complaint should not be dismissed pursuant to Rule 12(b)(6) for failure to state a claim unless it appears to a certainty that the nonmoving party cannot prove any set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court must accept the complaint's factual allegations as true and view all allegations in a light most favorable to the nonmoving party. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993).

Generally, a district court applies the conflicts of law provisions of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 497, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Where, however, a case is transferred pursuant to 28 U.S.C. § 1404(a) from one district in which venue is appropriate to another, more convenient, venue, "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue." *Van Dusen v. Barrack,* 376 U.S. 612, 639, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). If instead a transfer is made from an improper venue to a proper one, pursuant to 28 U.S.C. § 1406(a), the district court receiving the case "must apply the law of the state in which it is held rather than the law of the transferor district court." *Myelle v. Am. Cyanamid Co.,* 57 F.3d 411, 413 (4th Cir. 1995) (citation omitted). Thus, a plaintiff cannot file in an improper venue with favorable law and carry that law with him on transfer to a proper venue.

Defendant argues that, as a district court sitting in Virginia, this court must under *Klaxon* apply Virginia conflicts of law doctrines to this case. Under Virginia conflicts law, an action for loss of consortium is derivative of the spouse's action for personal injuries, and both are governed by the law of the place where the personal injuries were suffered. *Pringle v. Sloan,* 44 Va. Cir. 516, 517 (1996). As

---

**1.** Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A related transfer provision, § 1406(a), provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Dorothy Iannello's injuries were suffered in Virginia, the conflicts law of Virginia would therefore look to Virginia tort law to determine her husband's claim for loss of consortium. In Virginia, a husband's common-law right of action for loss of consortium has been abrogated by statute. Va. Code Ann. § 55–36; *Pringle*, 44 Va. Cir. at 516–17.

▮ The order transferring this case, however, cited 28 U.S.C. § 1404(a) as the basis for the transfer. A transfer pursuant to § 1404(a) suggests that the conflicts law of New Jersey, rather than Virginia, governs the rights of the parties in this case. New Jersey has adopted for conflicts resolution a "governmental-interest" standard "which requires application of the law of the state with the greatest interest in resolving the particular issue that is raised in the underlying litigation." *Gantes v. Kason Corp.*, 145 N.J. 478, 679 A.2d 106, 109 (1996). Neither party in this litigation, however, has argued for the application of New Jersey law on the issue of loss of consortium.[2]

The absence of any argument for the application of New Jersey law suggests that the parties consider the order transferring this case to have been in substance made pursuant to § 1406(a) rather than § 1404(a). Section "1404 (a) operates on the premise that the plaintiff has properly exercised his venue privilege." *Van Dusen*, 376 U.S. at 634, 84 S.Ct. 805. The New Jersey District Court, however, expressly declined to decide whether venue was proper. (Mem. & Order at 6.) If venue were in fact improper in the District of New Jersey, transfer under § 1406(a) rather than § 1404(a) would have been the statutorily authorized remedy. As already discussed, when a transfer is effected pursuant to § 1406(a), the conflicts law of the

transferring court does not travel with the case.

▮ When a transferor court has not ruled on the propriety of venue, the transferee court must determine whether venue would have been proper in the transferor court. *Hickey v. St. Martin's Press*, 978 F.Supp. 230, 240 (D.Md.1997). Based on the record before this court, it is clear that venue in the District of New Jersey was not proper.

Plaintiff's complaint alleges that "[v]enue is proper in [the District of New Jersey] as the Plaintiff is a resident at 56 Maplewood Avenue, Keansburg, New Jersey and defendant's business is located in Williamsburg, Virginia." (Compl. ¶ 1, at 2.) Although 28 U.S.C. § 1391 formerly permitted venue in "the judicial district where all plaintiffs or all defendants reside," that section has been amended to eliminate venue based on plaintiffs' residence. Act of Dec. 1, 1990, § 311, Pub.L. No. 101–650, 104 Stat. 5089, 5114. Therefore, venue in the District of New Jersey could not have been properly maintained on the basis of plaintiffs' residence, and this Virginia federal court is a proper venue for this case. As discussed above, Virginia conflicts law directs that the tort law of Virginia governs this dispute. Under Virginia tort law, there can be no claim for loss of consortium.

### III.  Conclusion

For the reasons stated above, the court **GRANTS** defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(6), and **DISMISSES** the Count Two claims for loss of care and consortium against all defendants. The Clerk is **DIRECTED** to

---

**2.** Under the tort law of New Jersey, both husbands and wives have causes of action for loss of consortium when the other spouse is injured. *Schroeder v. Perkel*, 87 N.J. 53, 432 A.2d 834, 839 (1981).

forward a copy of this Opinion and Order to all parties.

**IT IS SO ORDERED.**