Jacy and Laura KELLEY, Plaintiffs,

v.

UNITED STATES of America, Tracey
Corporation, and Skyworld Aviation,
Inc., Defendants.

Case No. 1:08cv31 (GBL).

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 19, 2008.

H. Jan Roltsch–Anoll, Szabo Zelnick & Erickson, P.C., Woodbridge, VA, for Plaintiffs.

Lauren A. Wetzler, United States Attorney's Office, Alexandria, VA, Ronald Paul Herbert, LeClair Ryan PC, Richmond, VA, for Defendants.

## MEMORANDUM ORDER

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on Defendants Tracey Corporation and Skyworld Aviation Inc.'s Motions to Dismiss for failure to state a claim and Plaintiffs Jacy and Laura Kelley's Motion to Consolidate. This case concerns Jacy Kelley's alleged loss of consortium claim stemming from injuries that his wife, Laura Kelley, sustained in a plane crash in Maryland. Tracey, Skyworld and the Kelleys are all citizens of Virginia, and the plane took off from Virginia before crashing in Maryland. Ms. Kelley has also filed a separate personal injury claim in this court against all Defendants. There are two issues before the Court, whether: 1) to apply the Maryland law which recognizes a separate claim for loss of consortium or to apply Virginia law which bars claims for loss of consortium to the claims before the Court; and 2) the Court should consolidate Plaintiffs' loss of consortium claim with Ms. Kelley's separately filed personal injury claim.

The Court applies Maryland law allowing a loss of consortium claim, because Virginia courts apply the substantive law of the place of the injury in multi-state tort actions. In this case the plane crashed in Maryland, and therefore, Maryland law governs. Although Virginia courts are not required to enforce another state's laws if they are contrary to Virginia public policy, the Court holds that no such violation exists in the instance of loss of consortium claims, and therefore holds that Plaintiffs have stated a claim for loss of consortium upon which relief may be granted. Finally, the Court grants the Kelleys' Motion to Consolidate because Ms. Kelley's personal injury claim and the instant loss of consortium claim relate to the same set of facts and laws. Therefore, in the interest of judicial economy, the Court elects to address the two claims together.

## I. BACKGROUND

Ms. Laura Kelley was severely injured in a Maryland airplane crash. Laura Kelley and her husband Jacy Kelley, brought this action against Defendants, United States of America, Skyworld Aviation, Inc., and Tracey Corporation, alleging that Defendants' negligence resulted in Mr. Kelley's loss of consortium. Ms. Kelley has also brought a separate personal injury claim in this Court against the same set of defendants. *Kelley v. United States et al.*, No. 08–32 (E.D.Va. filed Jan. 15, 2008).

Skyworld and Tracey operated a flight charter business in Warrenton, Virginia. Ms. Kelley was a passenger on a charter flight from Warrenton to New Jersey, with a scheduled stop in Mitchellville, Maryland. The plane took off during a snow storm with fog and low cloud coverage. Federal Aviation Administration air traffic controllers provided the pilot with weather information from Washington National Airport, rather than from another location

closer to Freeway Airport in Mitchellville. After making one failed attempt at an emergency landing, the pilot was cleared by air traffic control for a second attempt, and after that clearance received no additional assistance. This second attempt was unsuccessful, and the plane crashed, killing the pilot and co-pilot. Ms. Kelley survived the plane crash despite suffering serious injuries that required extensive hospitalization, and required her to be placed in a medically induced coma for several months. Ms. Kelley continues to undergo rehabilitation for her injuries.

Count I of the Complaint alleges that the air traffic controllers, and thus the United States Government were negligent in their direction of the pilot. Count II seeks to hold Skyworld and Tracey vicariously liable for the pilot's negligence in causing the plane crash. Count III seeks to hold Skyworld and Tracey directly liable for their alleged negligent acts that contributed to the plane crash and Mr. Kelley's subsequent loss of consortium.

## II. DISCUSSION

### A. Standard of Review

#### 1. Motion to Dismiss for Failure to State a Claim

When considering a Rule 12(b)(6) motion, courts require a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and what grounds it rests upon. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007). The claim must be supported by "any set of facts consistent with the allegations in the complaint." *Id.* The court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). The court may also examine documents refer-

enced in the complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007). The court need not, however, accept the legal conclusions, inferences, or arguments that are drawn from the facts. *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The plaintiffs allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

#### 2. Motion to Consolidate

■ When considering a motion to consolidate, the critical issue is

Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir.1982); *see also* FED. R. CIV. P. 42(a).

### B. Analysis

#### 1. Dismissal

■ The Defendant's Motion to Dismiss is denied because Maryland law applies to Plaintiffs' loss of consortium claim. A cause of action standing in tort arises in the jurisdiction where the injury was received. *Sosa v. Alvarez–Machain*, 542 U.S. 692, 705, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004). Virginia courts adhere to the *lex loci delicti* standard, applying the substantive law of the place of the wrong, while simultaneously applying Virginia

procedural law. *Jones v. R.S. Jones & Assocs., Inc.*, 246 Va. 3, 431 S.E.2d 33, 34 (1993). In this instance although the plane departed from Virginia, the actual conduct at issue, the plane crash and harm to Ms. Kelley occurred in Maryland. Therefore the Court finds it appropriate to apply Maryland law to this matter.

 Defendants argue that Virginia substantive law should override Maryland law and preclude Plaintiffs' loss of consortium claim, because Virginia has codified state public policy in contravention of such claims. The Court holds that Maryland's allowance of loss of consortium claims does not contravene Virginia public policy so as to prohibit the application of Maryland law in this action because both states' policies were rooted in a desire to create gender equality in the law, and each state merely chose different means to accomplish this goal. The Court arrives at this conclusion despite the fact that "[c]omity does not require the application of another state's substantive law if it is contrary to [Virginia's] public policy...." *Willard v. Aetna,* 213 Va. 481, 193 S.E.2d 776, 778 (1973).

Virginia code section 55–36 provides in relevant part, that, "no action for such injury, expenses or loss of services or consortium shall be maintained by the husband." VA.CODE ANN. § 55–36 (2008). However,

> There is no question as to the present state of the common law in Maryland as to the separate rights of a husband and a wife to recover for loss of consortium due to the other's injury as a result of the negligence of a third person. The husband has the right.

*Deems v. W. Md. Ry. Co.,* 247 Md. 95, 231 A.2d 514, 517 (1967). In *Pringle v. Sloan,* the Circuit Court of the City of Norfolk, was faced with a question similar to the one presently before the Court. 44 Va. Cir. 516 (Va.1996). *Pringle* arose out of a car accident that took place in Delaware.

*Id.* The victim's wife brought suit in Virginia seeking to recover for loss of consortium under Delaware law. *Id.* Defendant filed a demurrer arguing that the wife's loss of consortium claims were barred under Virginia law. *Id.* The court in *Pringle* held that,

> A common law cause of action declared by the courts of a sister state may be enforced in Virginia so long as it is not contrary to the policy or prejudicial to the interests of Virginia. Virginia and Delaware chose different courses in removing the inequality between spouses in asserting causes of action for loss of consortium. Virginia chose to abolish the husband's common law cause of action while Delaware chose to create a common law cause of action in the wife. Both policies were designed to produce equality between the spouses in this regard; the methods were different.... [A] wife may bring a cause of action in Virginia for loss of consortium if such a cause of action is recognized by the lex loci delicti.

*Id.* at 517. Similar to Delaware, Maryland elected to expand the right to recover for loss of consortium to wives, where it previously only existed for husbands, in order to abolish the prior inequality between spouses with respect to such claims. *See Sanseverino v. Alcoa S.S. Co.,* 276 F.Supp. 894, 896 (D.Md.1967) (reviewing the rationale underlying the court's decision in *Deems* that expanded the right to recover for loss of consortium claims to both spouses). The Court finds the holding in *Pringle* to be persuasive, and consequently holds that Plaintiffs' Maryland claim for loss of consortium does not violate Virginia public policy.

The Court is unpersuaded by Skyworld and Tracey's efforts to draw parallels between the issue at hand and Virginia's policy stance on matters such as gam-

bling or same sex marriage, and its refusal to enforce or acknowledge contracts or arrangements made in other states that contravene Virginia public policy in these areas. Therefore, the court denies Defendants Skyworld and Tracey's Motions to Dismiss Plaintiff's claim for loss of consortium because the applicable Maryland law allowing for such claims does not contravene Virginia public policy because both Maryland and Virginia were similarly interested in preserving equality between spouses when creating their respective laws regarding claims for loss of consortium, and because of these similar ideals, Maryland law is not in contravention of Virginia public policy.

### 2. Consolidation

█ The Court grants Plaintiffs' Motion to Consolidate Plaintiffs' loss of consortium claim with Ms. Kelley's personal injury claim because the two cases involve common questions of law and fact. Under Rule 42 of the Federal Rules of Civil Procedure, the Court may consolidate actions that involve a common question of law or fact. FED.R.CIV.P. 42(a). Both the personal injury and loss of consortium claims stem from the same plane crash. The validity of Plaintiffs' loss of consortium claim is the only unique factual or legal issue. The Court also has a clear interest in judicial economy, which is furthered by the consolidation of cases involving common questions of law and fact. *See Cole v. Schenley Indus. Inc.*, 563 F.2d 35, 38 (2d Cir.1977) ("Consolidation under Rule 42(a), Fed.R.Civ.P., is a procedural device designed to promote judicial economy, . . ."). Finally, the added cost of resources outweighs the impact on prejudice or confusion here. Therefore, the Court grants Plaintiffs' Motion to Consolidate, because of the common questions of law and fact at issue.

### III. CONCLUSION

The Court denies Defendants Skyworld and Tracey's Motions to Dismiss because Plaintiffs' allegations sufficiently state a claim for loss of consortium under Maryland law. Maryland law applies under Virginia's choice-of-law rules because the Court applies the law of the place of the wrong. Maryland's "Married Woman Statute" permitting loss of consortium claims does not contravene Virginia public policy, despite Virginia's prohibition on such claims. The Court grants Defendant United States of America's Motion to Consolidate in the interest of judicial economy because the personal injury and loss of consortium claims arise from the same set of facts and involve the same applicable law.

For the foregoing reasons, it is hereby

ORDERED that Defendants Skyworld Aviation and Tracey Corporation's Motions to Dismiss are DENIED. It is further

ORDERED that Plaintiffs Laura and Jacy Kelley's Motion to Consolidate is GRANTED. It is further

ORDERED that Civil Action No. 1:08cv32 is consolidated under the existing Civil Action No. 1:08cv31. The parties are directed to file any subsequent submissions under Civil Action No. 1:08cv31.

The Clerk is directed to forward a copy of this Order to counsel.